IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:06cr008 SWW |
| | * | |
| | * | |
| | * | |
| TREMAYNE MCFADDEN, | * | |
| | * | |
| Defendant. | * | |

ORDER

Before the Court is defendant Tremayne McFadden's motion [doc.#31] for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.[1]  The government has responded in opposition to defendant's motion and defendant has filed a reply to the government's response.  Having considered the matter, the Court denies defendant's motion for a sentence reduction.

Defendant pleaded guilty to possession with intent to distribute more than 5 grams of cocaine base and was sentenced to 72 months incarceration.  At the time this Court imposed its sentence, the guidelines were advisory, not mandatory, with an advisory guideline range of 108 to 135 months based on an offense level of 29 and a criminal history category of III.  The crack cocaine amendments would result in a lower advisory guideline range of 87 to 108 months based on an offense level of 27 and a criminal history category of III.  Defendant contends this qualifies

---

[1] *See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).

him for a reduction and asks that the Court reduce his sentence to 60 months imprisonment, the statutory minimum for the offense.

As amended, U.S.S.G. § 1B1.10(b)(2)(B) provides that "... if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate." As noted by the government, the existing sentence is below the minimum of the newly calculated advisory guideline range (*i.e.*, 72 versus 87), and this Court previously rejected the guideline sentence as too harsh and instead imposed a sentence under 18 U.S.C. § 3553(a) that was no greater than necessary to effect the purposes of the statute and that considered the defendant's offense conduct, post-offense conduct, criminal history, and the statutory mandatory minimum. These factors are not altered by a recalculation of the advisory guideline range and this Court noted that the sentence of 72 months was fair considering all of the circumstances. Defendant's sentence is above the statutory minimum of 60 months but still below the advisory guideline range, and defendant has not set forth circumstances that would warrant a modification of his sentence.

For the foregoing reasons, defendant's Motion for Reduction Under 18 U.S.C. § 3582(c)(2) [doc.#31] is hereby denied.

IT IS SO ORDERED this 30th day of September 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE